## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| **Hung Manh Vu**, | ) | **Case No: 26-cv-10854-MJJ** |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **Todd Lyons**, Acting Director, | ) | |
| U.S. Immigration and Customs | ) | |
| Enforcement; | ) | |
| **David Wesling**, | ) | |
| Acting Boston Field Office Director, | ) | |
| U.S. Immigration and Customs | ) | |
| Enforcement; and | ) | |
| **Antone Moniz**, Superintendent, | ) | |
| Plymouth County Correctional Facility, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF
## APPLICATION FOR FEES AND COSTS
## PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Petitioner Hung Manh Vu is eligible for an award of attorney's fees and costs. Mr. Vu is the prevailing party in the above-captioned civil action brought against an agency of the United States, he is an individual whose net worth did not exceed $2,000,000 at the time he filed such action, and the position of the agency challenged by such action was not substantially justified. Furthermore, the award requested is proper as the amount of time spent and expenses incurred by counsel in pursuing this civil action were reasonable, and there are no special circumstances that would make this award unjust. Based on the foregoing, and for the reasons outlined below, Mr. Vu asks that the Court grant this timely Application and enter an order against Respondents Lyons, Wesling, and Moniz, mandating their payment of $5444.25 to Mr. Vu.

1

*RELEVANT FACTS*

Petitioner, a native of Vietnam, first arrived in the United States in or around 1984 as a refugee and later became a lawful permanent resident. Declaration of Hung Manh Vu, ECF 1-1, ¶ 3. As a young man, Mr. Vu got in trouble with the law and was incarcerated. *Id*. ¶ 4. In or around 2004, Mr. Vu was ordered removed, but at that time the Socialist Republic of Vietnam declined to repatriate him. *Id*. ¶¶ 5-6. Immigration and Customs Enforcement ("ICE") released Mr. Vu from immigration custody between 2004 and 2005 pursuant to an administrative order of supervision because it was unable to remove Mr. Vu from the United States. *See id*. ¶ 7.

Despite Mr. Vu's compliance with all requirements of his supervised release, ICE re-detained Mr. Vu without warning or notice and placed him back into custody on December 4, 2025. *Id*. ¶¶ 8-11. Mr. Vu, through counsel, initiated the above-captioned proceeding on February 13, 2026 by filing a Petition for Writ of Habeas Corpus which challenged the revocation of his release and his re-detention by ICE, alleging violations of the Immigration and Nationality Act, its implementing regulations, and the Substantive Due Process Clause of the Fifth Amendment to the United States Constitution. *See* Pet. for Writ of Habeas Corpus ("Petition"), ECF 1 at 5-6. This Court granted Mr. Vu's petition on February 19, 2026, and ordered his immediate release from detention subject to the same conditions of his preexisting administrative order of supervision. ECF 9.

*ARGUMENT*

I.  MR. VU IS ELIGIBLE FOR AN AWARD OF FEES AND COSTS AS A PREVAILING PARTY AGAINST THE GOVERNMENT OF THE UNITED STATES

To satisfy the "prevailing party" standard under EAJA requires a "material alteration of the legal relationship of the parties" and a "judicial imprimatur on the change." *Castaneda-Castillo v. Holder*, 723 F.3d 48, 57 (1st Cir. 2013) (internal quotations omitted). Fellow District Courts in

this Circuit have long held that an individual who successfully petitions for a writ of habeas corpus is a prevailing party under the EAJA.[1] Mr. Vu filed his Petition for Writ of Habeas Corpus to obtain his release from immigration custody. *See* Petition, ECF 1 at 6. This Court granted his Petition in its Order dated February 19, 2026 and, in doing so, rendered Mr. Vu the prevailing party under EAJA. See generally, Order, ECF 9. As the prevailing party, Mr. Vu is therefore eligible for an award of fees and costs under EAJA as an individual whose net worth did not exceed $2,000,000.00 at the time he filed his Petition. *See* Supplemental Declaration of Hung Manh Vu, attached hereto as **Exhibit 1**; *see also* 28 U.S.C. §§ 2412(d)(1)(A), (d)(2)(B).

II.    RESPONDENTS' POSITION CANNOT BE SUBSTANTIALLY JUSTIFIED

Respondents bear the burden of showing, by a preponderance of the evidence, that their position was substantially justified to avoid payment of attorney's fees and costs under the EAJA. *See, e.g., Oscar v. Gillen*, 595 F. Supp. 2d 166, 169 (D. Mass. 2009). Thus, Respondents must show that their position "had a reasonable basis in both law and fact." *Id*. (internal quotation omitted). Additionally, Courts must examine Respondents' pre-litigation and litigation positions,

---

[1] Respondents are expected to argue that Mr. Vu's Petition for Writ of Habeas Corpus is not a civil action, as contemplated by the Equal Access to Justice Act ("EAJA"). *See, e.g., Obando-Segura v. Garland*, 999 F.3d 190, 197 (4th Cir. 2021); *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023), *cert. denied sub no*. *Gomez Barco v. Witte*, 144 S. Ct. 553 (2024). While the First Circuit has not yet ruled on this issue, District Courts throughout this Circuit have routinely taken the position – which has been adopted by the Second, Third, Ninth and Tenth Circuit Courts of Appeal – that habeas petitions brought in the immigration context are civil actions under the EAJA. *See, e.g. Geegbae v. McDonald*, 2011 WL 841237, *1 (D. Mass. Mar. 8, 2011); *Bernardo-Rodrigues v. Hyde*, 2026 WL 370863, *1-2 (D. Me. Feb. 10, 2026); *see also, e.g., Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 425-32 (3rd Cir. 2026); *Daley v. Ceja*, 158 F.4th 1152, 1156-64 (10th Cir. 2025); *Vacchio v. Ashcroft*, 404 F.3d 663, 667-72 (2d Cir. 2005); *In re Petition of Hill*, 775 F.2d 1037, 1040-41 (9th Cir. 1985).

holistically. *See id*. Respondents' position at all times before and during this litigation – that ICE's re-detention of Mr. Vu was lawful because there was a high likelihood he would be removed to Vietnam in the reasonably foreseeable future – was not supported by any factual or legal bases.

Before ICE re-detains someone previously released from immigration custody under section 241.13, the agency must adduce facts showing "(1) an individualized determination (2) by ICE that, (3) based on changed circumstances, (4) removal has become significantly likely in the reasonably foreseeable future." *Kong v. U.S.,* 62 F.4th 608, 619-20 (1st Cir. 2023) (citing 8 C.F.R. § 241.13(i)(2)).

At or around the time of Mr. Vu's re-detention, Respondents served him with a Notice of Revocation of Release that listed two reasons for their finding of changed circumstances: (1) "ICE [had] determined that [Mr. Vu] can be removed from the United States pursuant to the outstanding order of removal against [him]" and (2) "the purposes of [Mr. Vu's] release [had] been served and it is appropriate to enforce the removal order." Notice of Revocation of Release, ECF 8-1 at 2. However, these conclusory statements say nothing substantive or individual about the facts of Mr. Vu's case, and Respondents cannot have thought they presented legitimate changed circumstances. As this Court stated in its Order granting a petition in a case that Respondents acknowledged presented similar legal issues, ECF 8 at 1, "Respondents did not identify any facts to support that ICE re-detained Mr. [Vu] based on changed circumstances that would show his removal to be significantly likely in the reasonably foreseeable future," *Nguyen v. Hyde*, 788 F. Supp. 3d 144, 150 (D. Mass. 2025). ICE's position that the Notice of Revocation of Release and its stated changed circumstances satisfied *Kong* or Regulation 241.13 was unreasonable, as the Notice failed to identify any specific changed circumstances or how such changed circumstances related to Mr. Vu individually.

Furthermore, in their Respondence to Mr. Vu's Petition, Respondents incorporated their arguments in *Nguyen v. Hyde,* 788 F. Supp. 3d 144 (D. Mass. 2025) by reference. ECF 8 at 1. Relying on a position that Respondents previously lost in *Nguyen* and expected to lose again is unjustified. In that case, Respondents proffered two other reasons why circumstances had supposedly changed, rendering re-detention permissible. However, this Court found them in active disregard of Section 241.13. *First*, Respondents pointed to the 2020 Memorandum of Understanding ("2020 MOU") between the United States and Vietnam which created a process for repatriating some pre-1995 Vietnamese refugees. *Nguyen*, 788 F. Supp. 3d at 151. However, the Respondents failed to specify how that process applies to Mr. Vu individually. Although Mr. Vu is a pre-1995 arrival in the United States with an active removal order, as contemplated by the 2020 MOU, it is not enough under controlling law to point to the MOU alone. *See id*. ("[T]he 2020 MOU alone is not enough to show ICE has met their burden under 8 C.F.R. § 241.13(i)(2)."); *see also Kong,* 62 F.4th at 619-20 (requiring individualized determination of changed circumstances).

*Second*, in *Nguyen*, Respondents argued that ICE's removal of other pre-1995 Vietnamese arrivals to the United States suggested that a particular Vietnamese Petitioner would be removed in the reasonably foreseeable future. *See Nguyen*, 788 F. Supp. 3d at 151–52. In so doing, they relied upon the Declaration of Assistant Field Office Director Keith Chan, which provided various figures concerning removals and travel document requests to Vietnam. *See id*. at 149. However, once again, Respondents took this position knowing that it ignored *Kong.* As this Court explained in *Nguyen*, "the Second Declaration does not identify how many of the 328 individuals removed during Fiscal Years 2024 and 2025 were *pre-1995 Vietnamese refugees*" like Mr. Vu. *Id*. at 151 (emphasis in original). Moreover, even if the declaration had identified this information, knowing

how many travel documents have been requested and approved by Vietnam for pre-1995 refugees says nothing about a Petitioner's individual case, as required by law.

Finally, in *Nguyen* Respondents argued that re-detention was lawful because "ICE is currently processing a travel document" for Petitioner to return to Vietnam and that "the United States has not received said travel document." *Id*. at 152. This position was deemed unjustified in *Nguyen*, *id*., and is likewise unjustified in this case because the *Kong* analysis must have been done prior to re-detention. *See Kong,* 62 F.4th at 619-20. This assertion is akin to preparing to change circumstances, not changed circumstances as required by 8 C.F.R. § 241.13.

## III.    MR. VU'S REQUESTED FEES AND COSTS ARE REASONABLE

In conformance with 28 U.S.C. § 2412(d), Mr. Vu submits with his application the declarations of two Northeast Justice Center attorneys, Ethan Horowitz and Ariella Katz Miller, and the appended time records to demonstrate the actual time the Northeast Justice Center spent in prosecuting the above-captioned action. Those declarations, submitted herewith as **Exhibit 2** (Horowitz Declaration) and **Exhibit 3** (Katz Miller Declaration), document in detail that the requested fees are appropriate. The proposed fee award encompasses the following segments of time:

- The proposed award includes 6.7 hours spent investigating and reviewing Mr. Vu's case as well as drafting and filing the Petition for Writ of Habeas Corpus.

- The proposed award includes 1.2 hours spent facilitating Mr. Vu's release from Plymouth County Correctional Facility, reviewing Mr. Vu's conditions of release, and enforcing the terms of Mr. Vu's release with Respondents.

- The proposed award includes 2.8 hours spent seeking the return of Mr. Vu's documents from Respondents.

- The proposed award includes 9.5 hours spent preparing the instant Application.

The proposed award is therefore requested for a total of 20.2 hours in prosecution of this case. This work was completed in 2026.

Although the EAJA sets a default statutory cap of $125 per hour, that rate may be increased to account for the cost of living. *See* 28 U.S.C. § 2412(d)(2)(A)(ii); *Castaneda-Castillo* 723 F. 3d at 76-77. In conformance with the methodology adopted by the First Circuit in *Castaneda-Castillo,* Mr. Vu thus proposes the above rate be adjusted based on the Annual Consumer Price Index to reflect the current cost of living in the Northeast Region where this Petition was litigated. Specifically, Mr. Vu proposes an adjusted hourly rate of $269.27 for 2026.[2] Altogether, Mr. Vu requests this Court award a total fee award of $5439.25 plus another $5 in costs. *See* Doc. No. 1 (notation of filing fee).

CONCLUSION

WHERFORE, because Mr. Vu is eligible for EAJA fees, because the Government cannot substantially justify its position throughout the litigation and there are no special circumstances which would make the award unjust, and because the requested award is reasonable, Mr. Vu respectfully requests that the Court grant his application for an EAJA award and order the Respondent to pay $5439.25 in fees and $5 in costs, for a total of $5444.25 as outlined herein.

Respectfully submitted,

---

[2] The 2026 rate was calculated by multiplying the $125 statutory rate by the proportionate difference in the CPI-U Boston between March of 1996 (162.8) and March of 2026 (350.705). March 2026 was used for the purposes of this application because it is the most recent published CPI-U data. To the extent that the Court deems it necessary, Mr. Vu respectfully requests that the Court take judicial notice of the Consumer Price Index for All Urban Consumers – Boston-Cambridge- Newton statistics which are published by the U.S. Bureau of Labor Statistics and which are submitted herewith for the convenience of the Court as **Exhibit 4.**

HUNG MANH VU

By his attorney,

Dated: May 20, 2026

/s/ Ariella Katz Miller
Ariella Katz Miller
Massachusetts Bar No. 713265
**NORTHEAST JUSTICE CENTER**
181 Union Street, Suite 201B
Lynn, MA 01901
(978) 683 2521
akmiller@njc-ma.org

**Certificate of Service**

I, Ariella Katz Miller, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). I am not aware of any non-registered participant.

*/s/ Ariella Katz Miller*

Dated: May 20, 2026